## INHABITANTS OF SUTTON vs. INHABITANTS OF DANA.

Where a verdict, which is decisive of the case, is found on one or more of several is-
sues, and the jury cannot agree as to another issue, the party, in whose favor the
verdict is found, may waive the other issue, or consent that a verdict be entered
thereon against him.

Parts of different towns were formed into a new town, with a provision that the new
town should support all the poor who had their legal settlement in either of the towns
from which it was formed, and who had removed therefrom, and whose dwelling-place
or home was, before such removal, within the limits of the new town. *Held*, that this
provision did not include those poor who had removed from the limits of the new
town into another part of the same old town, and from thence into another town ;
but included those only whose *last* dwelling-place or home, previous to such removal,
was within the limits of the new town.

ASSUMPSIT to recover expenses incurred by the plaintiffs in the support of Lucy Malcomb, a pauper.

At the trial, before *Dewey*, J. the parties agreed the following facts : Said Lucy was the daughter of Daniel Chase, who, before the year 1770, resided many years on a farm in the north part of the town of Greenwich, and died there in that year, having acquired a settlement in that town, by such residence. On the 7th of April, 1772, Isaac Powers, whose residence was always in the territory which is now Greenwich, was appointed guardian of said Lucy, who was then a minor. In February, 1801, the town of Dana was incorporated, including within its limits the aforesaid farm of Daniel Chase. On the 7th of March, 1791, said Lucy intermarried with Michael Malcomb of Orange, who was an inhabitant of that place in 1783, when it was incorporated as a district.

As to certain other facts, concerning which the parties did not agree, the jury were instructed to return an answer to three questions : " 1st. Did Lucy Malcomb reside with Isaac Powers, as her home, after the death of her father ? 2d. Did she reside with said Powers, as her home, after his appointment as her guardian ? 3d. Was Michael Malcomb seized of an estate of freehold, situate in Orange, of the clear annual income of ten dollars, he residing thereon and occupying the same, in person, for the space of two years, between the 23d of June.

1789, and the 11th of February, 1794 ? " The jury returned an affirmative answer to the two first questions, but could not agree upon an answer to the third. Whereupon the defendants consented that a verdict should be returned for the plaintiffs on the third question, (i. e. answering it in the negative,) and caused it to be so entered on the clerk's docket.

It was " agreed by the parties, that if the defendants have a right to have the third issue found by the jury for the plaintiffs, or may waive the same, and take a verdict on the two issues found in their favor, then the facts so found are to be considered as agreed by the parties, and the court will render judgment for the plaintiffs or defendants, as the whole facts agreed shall demand."

It was admitted at the argument, that said Lucy Malcomo left Greenwich at the time of her marriage.

*Barton*, for the plaintiffs.

*Brooks*, for the defendants.

DEWEY, J. The parties, with a view of making a case and presenting to the whole court the questions of law arising thereon, proposed to submit certain specific questions of fact to the jury, with the understanding, that the facts so found were to be made a part of the case to be stated. All the questions put to the jury respected the existence of certain facts alleged by the defendants in their defence, and denied by the plantiffs. As to two of the issues, the jury returned their verdict in favor of the defendants ; and as to the third, they could not agree on a verdict. The defendants subsequently filed in the case their consent in writing, that the verdict of the jury might be entered for the plaintiffs on the third issue.

The first question in this case is, whether the defendants had a right to waive the third issue, or to concede it as found for the plaintiffs, and avail themselves of the finding of the jury in their favor on the other issues. If the question submitted to the jury, and on which they were not agreed, had been as to any facts upon which the plaintiffs relied to maintain their action, most clearly no further proceedings could be had until that issue should be found by the jury ; but as it presented simply

one of several grounds of defence relied upon by the defendants, and was entirely unconnected with the other issues, and could have had no effect on the finding as to those issues, we think it was competent for the defendants to waive that issue ; and especially it would seem a sufficiently favorable disposition of it, as respects the plaintiffs, that it should be taken, in the further proceedings in the case, as upon a verdict duly found for the plaintiffs. . The verdict of the jury, upon the two issues in favor of the defendants, can only avail them upon the hypothesis, that the facts found in their favor are decisive of the case, and that the other issue has therefore become immaterial. If this be so, there seems to be no good reason why the defendants should not have the benefit of the finding of the jury. The case of *French* v. *Hanchett*, 12 Pick. 15, furnishes a precedent in point. That was a case where several of the issues joined had not been found by the jury ; but the court held, that where the position of the case is such that the finding of one or more of the issues is decisive of the case, and renders the other issues immaterial, the verdict may be taken, and the jury discharged of the case, whether the parties do or do not consent.

The next inquiry is, whether upon the facts found this action can be maintained. Have the plaintiffs established the settlement of the pauper in the town of Dana ? Without taking into consideration the other grounds of defence to the action, it seems to us, that the plaintiffs must fail to sustain their action, from their inability to establish, at any time, the legal settlement of Lucy Malcomb in Dana. They do not bring the case within the provisions of *St.* 1800, *c.* 50, incorporating the town of Dana, and prescribing the liability of that town for the support of such poor persons as might have had their legal settlement in either of the three towns, from portions of each of which the new town of Dana was formed. This statute prescribes that " the inhabitants of Dana shall support all the poor who had their legal settlement in either of said towns of Petersham, Hardwick, or Greenwich, and are now removed therefrom, and have not gained a settlement elsewhere, and whose dwelling-

place or home was, before such removal, within the limits which now constitute the town of Dana."

Daniel Chase, the father of the pauper, resided in that part of Greenwich which was afterwards included in the town of Dana ; and if the residence of the pauper with him had been her last dwelling-place and home, before her removal from Greenwich, the case would have been within the provisions of the statute, and the liability of Dana for her support would have been established, unless the defendants could have shown that she subsequently acquired a new settlement. But it appears that Daniel Chase died in 1770, and subsequently to his death the pauper removed to another part of Greenwich, distinct from that which was afterwards incorporated as a part of Dana, and resided, as her home, with one Isaac Powers, and was there residing at the time of her removal from Greenwich. We think that upon this state of facts, the town of Dana is not chargeable, under the statute before cited. The statute must be construed to refer to a case where the *last* dwelling-place or home was within the limits of the new town. In this view of the case, it becomes unnecessary to decide whether the pauper subsequently acquired a new settlement, by her marriage with Michael Malcomb. '

*Judgment for the defendants.*